## Mountjoy v. Kasselman, et al.

(Decided June 8, 1928.)

### Appeal from Woodford Circuit Court.

1. Reversions.—Under will devising life estate in realty with general power of appointment to daughter, who was only heir and distributee of testator, there being no residuary devise in will, reversion after life estate of daughter, undisposed of by will, vested in daughter on death of testator, by virtue of Statutes of Descent and Distribution (Ky. Stats., secs. 1393-1408), and life estate and reversion merged into fee, giving daughter fee-simple title to property on testator's death.

2. Powers.—Under will devising life estate in realty and general power of appointment to daughter, who was only heir and distributee of testator, power given daughter by will was power "appendant," which is power, exercise of which will derogate from title of donee of power.

3. Powers.—An estate in fee and a power appendant may subsist in same person.

4. Powers.—If power is appendant, a conveyance of interest to which power is appendant extinguishes power, since donee of power cannot derogate from his own grant, regardless of whether power is to be exercised by deed or will or by will only.

5. Powers.—Where daughter, who was only heir and distributee of testator, was devised life estate and general power of appointment, and thereby acquired fee-simple title on death of testator, conveyance by daughter by deed with covenant of general warranty conveyed the fee and extinguished the power appendant which she had under will and transferred good fee-simple title which purchaser was under duty to take.

L. F. JOHNSON for appellant.

FIELD McLEOD for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Dr. Harry Christian Kasselman died in 1906, leaving surviving him as his only heir, and distributee at law his daughter, Louise Kasselman. By his will, Dr. Kasselman first directed that his just debts be paid, and then that his office and practice be sold. By the third clause of his will he disposed of some life insurance he had. By the fourth clause of his will he devised to his daughter the proceeds of one of the policies of his life insurance, and also all his other personal property not otherwise disposed of. The fifth clause of his will reads thus:

> "I will and devise to my daughter, Louise Kasselman, my house and lot on the corner of Winter and Higgins streets in the city of Midway, Woodford county, Kentucky, in which I now reside, for and during her natural life, free from the control of any husband she may have, with power in my said daughter, Louise Kasselman, to dispose of said house and lot by will at her death to whom she may desire."

The sixth and last clause of the will nominated his executrix. There was no residuary legatee or devisee mentioned in the will. After his death, Dr. Kasselman's estate was fully settled. Thereafter his daughter intermarried with Carneal Kinkead, and on July 3, 1914, she and her husband conveyed to J. S. Lehman and A. W. T. Davis by deed with covenant of general warranty all the title she had in and to the property mentioned in the fifth clause of her father's will. These grantees in turn conveyed the title thus obtained to the appellees Anna C. Kasselman and Bertha A. Kasselman. On April 7, 1928, these appellees entered into a contract with the appellant, Ella Johnson Mountjoy, whereby they agreed to convey to her a good fee-simple title to the property they had thus obtained. Conceiving that the appellees did not have a good fee-simple title which they could convey to her, the appellant declined to take the property, and thereupon this suit was brought under the Declaratory Judgment Act to have the rights of the parties declared. The whole case turns on what title the appellees have in the property in question.

By the will, Louise Kasselman was devised only a life estate in the property with a general power of ap-

pointment. There being no residuary devise in the will and Louise Kasselman being the only heir and distributee at law of her father, the reversion after the life estate of Louise Kasselman, which was undisposed of by her father's will, vested in her on the death of her father by virtue of the statute of descent and distribution (Ky. Stats., secs. 1393-1408). Of course, the life estate and the reversion merged into a fee, so that Louise Kasselman on the death of her father had the fee-simple title to the property. See Hunt v. Phillips, 105 S. W. 445, 32 Ky. Law Rep. 257; Larmon v. Larmon, 173 Ky. 477, 191 S. W. 110. The power given her by the will of her father was thus a power appendant, which is a power, the exercise of which will derogate from the title of the donee of the power. See Cunynghame v. Thurlow, 1 Russ. & M. 436, 39 Eng. Rep. 169. It is now settled that an estate in fee and a power appendant may subsist in the same person. Maundrell v. Maundrell, 10 Ves. Jr., 246, 32 Eng. Rep. 839, which in effect overrules Cross v. Hudson, 3 Bro. C. C. 30, 29 Eng. Rep. 390. See, also, Glass v. Richardson, 9 Hare, 698, 68 Eng. Rep. 694; Sugden on Powers (8th Ed.) p. 93; Leake, Land Law, 381; 31 Cyc. 1054.

It is also settled that, if a power is appendant, a conveyance of the interest to which the power is appendant extinguishes the power because the donee of the power cannot derogate from his own grant. See Leake, Land Law, 383; Gray, Release and Discharge of Powers, 24 Harvard Law Review, 513. It is immaterial whether a power appendant is to be exercised by deed or will or by will only. The conveyance of the interest to which the power is appendant extinguishes the power. See Hurst v. Hurst, 16 Beav. 372, 51 Eng. Rep. 822; Piers v. Tuite, 1 D. R. & Walsh, 279. The cases of Gibson v. Dubourg, 57 S. W. 240, 22 Ky. Law Rep. 351, and Lee v. Fidelity Trust & Safety-Vault Co., 57 S. W. 239, 22 Ky. Law Rep. 311, are not in point, for in these cases the donee or donees of the power who had a life estate in the property were not the sole heirs and distributees at law of the donor of the power and did not have the fee in the property as did Louise Kasselman in this case.

What we have said being true, it follows that Louise Kasselman, having at the time of her conveyance to Lehman and Davis the fee-simple title to the property, and by that conveyance conveying to them all the title

she had by a deed with a covenant of general warranty, not only conveyed the fee, but also extinguished the power appendant which she had under the will of her father. Davis and Lehman thus took a good fee-simple title to the property, which they conveyed to the appellees. As the appellees had a good fee-simple title to the property, it was the duty of the appellant under her contract to take it.

The judgment of the lower court being in accordance with these views, it is affirmed.